IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CALEB JONES TIMMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2413-N-BN |
| | § | |
| ZRS MANAGEMENT, | § | |
| | § | |
| Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Caleb Jones Timms filed a *pro se* complaint against Defendant ZRS Management ("ZRS") alleging discrimination: "I was refused services by [ZRS] because I did not agree to [an] unlawful upfront cost." Dkt. No. 3.

Chief United States District Judge David C. Godbey referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On November 6, 2023, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss Timms's lawsuit for lack of subject matter jurisdiction [Dkt. No. 6] (the "FCR").

And it seems that Timms has responded to the FCR with an amended complaint, filed as a matter of course. *See* Dkt. No. 9; FED. R. CIV. P. 15(a)(1).

But the amended complaint, like the initial one, fails to allege a claim under federal law or allege facts to show that a state law claim in the context of this lawsuit is created by federal law or that a right to relief turns on a substantial question of

federal law, and thus allege a basis for federal question jurisdiction under 28 U.S.C. § 1331. While Timms specifically alleges breach of contract, *see* Dkt. No. 9 at 1, a state law claim, he also cites multiple federal statutes and regulations, *see, e.g., id.* at 2 & 4. Even so, like the initial complaint, the amended version lacks facts to show that the federal law claims are more than frivolous or insubstantial.

And, like the initial version, the amended complaint also fails to distinctly and affirmatively allege a basis for diversity jurisdiction under 28 U.S.C. § 1332, as Timms fails to allege the citizenship of the defendant, a limited liability company. *See SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members.' To establish diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" (citations omitted)).

Timms does allege that the LLC's principal place of business is Orlando, Florida. *See* Dkt. No. 9 at 4. But that "confus[es] LLC citizenship with corporate citizenship." *SXSW*, 83 F.4th at 408.

**Recommendation**

For the reasons set out in the November 6, 2023 findings of fact, conclusions of law, and recommendation [Dkt. No. 6] as supplemented, the Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE